IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| TRANSWEST DISTRIBUTION, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>INTERSTATE BRANDS, a foreign corporation,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER REOPENING CASE, CONVERTING DEFENDANT'S MOTION TO DISMISS TO MOTION FOR SUMMARY JUDGMENT, AND SETTING RESPONSE TIME<br><br><br>Case No. 1:03-CV-74 TS |

On June 27, 2005, the Court ordered this case administratively closed due to Defendant's bankruptcy. The Order closing the case required the parties to notify the Court of any matter that affects the bankruptcy automatic stay or any other reason for the re-opening.

Defendant moves to re-open the case for the purpose of dismissing the claims with prejudice because the claims are now barred by the permanent injunction of Defendant's

1

confirmed Chapter 11 Plan of Reorganization. Defendant represents that Plaintiff's claims were subject to the claims process of the Plan of Reorganization in the Western District of Missouri United States Bankruptcy Court. In support, Defendant attaches the orders entered in that bankruptcy case and the certificates of service showing service on Plaintiff. Defendant argues that Plaintiff failed to file claims in that bankruptcy proceeding and, therefore, did not participate in any distribution under the plan of reorganization. Defendant argues that the Plaintiff's claims are pre-petition claims that are now forever barred, discharged, and subject to the permanent injunction.

Plaintiff has failed to respond to the Motion to Dismiss.

The Court construes the present Motion as one to dismiss for the failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12 (b)(12) or a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). The Motion attaches several matters outside of the pleadings. While the bankruptcy orders setting a claims bar date and confirming the plan are matters subject to judicial notice, the alleged failure to file a claim is not a matter for judicial notice. Therefore, the Court will convert the present Motion to one for summary judgment. In view of Plaintiff's failure to timely respond to the Motion to Dismiss, the Court finds that an additional 21 days will afford Plaintiff a reasonable opportunity to present material that is pertinent to the motion. It is therefore

ORDERED that this case is reopened. It is further

ORDERED that Defendant's Motion to Dismiss (Docket No. 35) is converted to one for summary judgment. Plaintiff shall file its response, if any, within 21 days from the entry of this order. Defendant may file an optional reply no later than 14 days following any response by Plaintiff.

DATED   April 26, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge