IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| TRANSWEST DISTRIBUTION, and ROBERT THOMAS,<br><br>      Plaintiffs,<br><br><br><br>      vs.<br><br><br><br>INTERSTATE BRANDS WEST CORP.,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT SUMMARY JUDGMENT<br><br><br><br><br><br>Case No. 1:03-CV-74 TS |

On April 26, 2010, the Court converted Defendant's Motion to Dismiss to one for summary judgment and set a response time of May 20, 2010.  On May 24, 2010, the day the time to respond was to expire, the Court extended the time for Plaintiff to respond in order for Plaintiff to obtain new counsel. The extended time expired on June 17, 2010, and Plaintiff has not filed a response.

Defendant moved for summary judgment on the ground that the claims are now barred by the permanent injunction issued in Defendant's confirmed Chapter 11 Plan of Reorganization in the United States Bankruptcy Court for the Western District of Missouri. In support, Defendant submits the orders in that bankruptcy case, and the certificates of service showing service on Plaintiff.

As noted, Plaintiff submits nothing in opposition.

Summary judgment is appropriate "if the pleadings, the discovery . . . materials and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."[1]

> If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law. If it has not, summary judgment is not appropriate, for "[n]o defense to an insufficient showing is required."[2]

The Court finds that there are no material issues of fact. On the facts as presented, Defendant has shown that it is entitled to summary judgment that further proceedings on Plaintiff's claims in the present case are barred by the discharge order of the Confirmed Chapter 11 Plan of Reorganization. It is therefore

ORDERED that judgment shall enter in favor of Defendant and against Plaintiff on the grounds that enforcement of the claims is now barred by the Injunction issued in the confirmed Plan of Reorganization confirmed on December 5, 2008, and effective February 3, 2009, in Case No. 04-45814 (JWV), in the United States Bankruptcy Court in the Western District of Missouri.

The Clerk of Court shall close this case forthwith.

DATED   June 17, 2010.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[1] Fed. R. Civ. P. 56(c).

[2] *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-61 (1970)).